————, *for appellee.*

---

## J. S. LEE'S ADMINISTRATOR *v.* N. T. HOOD, ETC.

**Execution—Notice of Purchaser—Negligence.**

    Where the purchaser of land, before execution sale, had actual notice when he purchased that L. had some claim upon the land, and the proof shows that L.'s deed to the land was of record, and that the land was in the actual possession of one claiming under L., it was gross negligence in the purchaser to buy without investigating the title.

APPEAL FROM BUTLER CIRCUIT COURT.

December 3, 1872.

OPINION BY JUDGE LINDSAY:

It seems to this court that the case of *McGhee v. Ellis & Browning,* 4 Littell 245, is conclusive as to the law of this case.

It is neither alleged nor proved that the sheriff levied on or sold the land purchased by Hood at the instance or suggestion of appellant. The execution creditor pursued his legal remedies, without in any way controlling the acts of the sheriff.

Appellee was a voluntary bidder at the sheriff's sale with notice that Lee had some kind of claim upon a portion of the tract of land,

and the proof shows that his deed was of record and the land in the actual possession of a person claiming under him at the time of the sale.

Under the circumstances it was gross negligence upon the part of appellee to fail to investigate the title offered for sale by the sheriff. The effect of the execution of the sale bond was to satisfy appellant's common-law judgment to the amount of the bid. Appellant holds the bond in lieu of his judgment and not as the purchase price of the land that he neither owned nor sold.

If appellee does not get the land he purchased, his remedy is against the execution debtor, whose debt he has paid, or bound himself to pay. It is not sufficiently charged that the sheriff failed to have the land appraised, but if it was, the debtor is not complaining of such failure. Judgment reversed and cause remanded with instructions to dismiss appellee's petition, and to dissolve their injunction.

*H. T. Clark, for appellant.*

*Scott, for appellees.*